Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-290-KSF

JEFFREY MARK OLSON                                                                                         PLAINTIFF

VS:                       **MEMORANDUM OPINION AND ORDER**

RESURGENT CAPITAL SERVICES, LP., ET AL.                                              DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Jeffrey Mark Olson, an individual currently incarcerated in the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), has submitted a *pro se* self-styled complaint, claiming the jurisdiction of this Court under 28 U.S.C. § 1331 and the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*. Olson's accompanying motion for permission to proceed *in forma pauperis* will be granted by separate Order.

The complaint is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

As Olson is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

CLAIMS

Plaintiff claims that the Defendants are willfully violating his rights under the Fair Debt Collection Practices Act ("FDCPA"), thereby causing him mental anguish, unnecessary stress, and unspecified money damages.

DEFENDANTS

As the Defendants, Plaintiff names Resurgent Capital Services, LP. [hereinafter "Resurgent"], described as "a professional collection company;" an "employee" and "agent" of Resurgent named Greg Major; and "a supervisor" at Resurgent, Ms. Stephny Jackson.

RELIEF REQUESTED

The Plaintiff seeks a jury trial, damages, and costs.

ALLEGATIONS OF THE COMPLAINT

Plaintiff Olson has submitted a self-styled typewritten complaint to which he has attached several exhibits, marked A - F. The following is a summary or construction of the allegations contained in these documents.

Plaintiff alleges that on January 5, 2007, the Defendants mailed him a notice, informing him that he owes $338.85 to Resurgent. Olson does not provide a copy of this notice. He does provide a copy of his purported response, via letter, as Exhibit [hereinafter "Ex."] A. Although this letter is not dated, Olson alleges that it was written and sent on January 10th. In it, Plaintiff denies that the account was his debt, and he requests "proof that this debt is actually owed by me. I further, request that you provide me with the originial [sic] creditors name and address so that I may be able to correct this situation."

Resurgent's Customer Service Department replied on a form, which is dated February 8,

2007, contains Resurgent's return address in South Carolina, and clearly identifies Resurgent as a debt collector. The form refers to the same debt information as was evidently in its original letter, *i.e.*, identifying the debt as follows:

>PREVIOUS CREDITOR: Triad
>CURRENT CREDITOR: LVNV Funding LLC
>ACCOUNT NUMBER: 7654904445001
>BALANCE: $338.85

Ex. B. The body of the notice contains the sentence, "Enclosed please find an original validation of debt that verifies the debt." *Id.*

The "Validation of Debt" enclosure,[1] also dated February 8, 2007, provides as follows:

>The account of JEFFREY M. OLSON acquired from Triad is now owned by LVNV Funding LLC.
>At the time the account was acquired from Triad, Triad advised that the balance owing was $243.96. Since that time, additional interest, fees, payments, credits and offsets, if applicable, have been allowed for a current balance of $338.85.

Ex. C, also dated February 8, 2007.

Olson contends this enclosure does not meet the requirements of "15 U.S.C. § 1692(g)(b),"[2] which purportedly requires a debt collector to provide the consumer with the verification of the *original* debt and the *original* creditor's name and address. He insists, "Triad is the previous creditor, not the original creditor." Record No. 2 at 3. In a second letter which he purportedly wrote to Resurgent, he not only informs Resurgent of its non-compliance with "15 U.S.C. § 1692(g)(b)," but also warns that, as a debt collection business, it could be civilly liable to him under "15 U.S.C.

---

[1] The enclosures also included a notice of the policy of "The Sherman Companies," which includes Resurgent, LP, and LVNV Funding, LLC, regarding customers' personal information. Ex. B.

[2] The correct citation is Section 1692g(b), Disputed Debts. The *pro se* Plaintiff repeatedly puts the initial lower case letter in parentheses, but this error has not proved a problem in construing his claims herein.

§ 1692(k)." Ex. D, dated February 12, 2007.

In a notice dated the next day, February 13, 2007, Resurgent wrote that it had received his "recent inquiry regarding this account and are in the process of investigating your claim. Once a determination is made, we will contact you with the results of our research." Ex. E. It closed with a toll free number for Olson to use, "[i]f you have any questions." Plaintiff alleges that on February 22, 2007, he telephoned Resurgent and spoke to both of the individual Defendants, Major and Jackson. "Ms. Jackson stated that the social security number did not match and that this was not my account. She would correct the information in the computer and remove my name and address from the data-base."

Six months passed. Another notice about the debt was received by Olson on August 23, 2007. In it, Regency wrote as follows:

> Information you have provided regarding this account has been forwarded to the Customer Service Department for research. However, we have been unable to contact you to discuss this account.
>
> If we are unable to establish contact with you within 30 days from the date of this letter, active collection efforts will resume on your account.

Ex. F, dated August 16, 2007. Upon making a follow-up phone call to Resurgent, Plaintiff alleges, he was again told that the social security numbers did not match, but the Defendants would not otherwise discuss the debt. On September 7, 2007, Olson filed the instant cause of action.

## DISCUSSION

The Court clearly has original jurisdiction over a claim under the FDCPA. *See Shivers v. Sherman Acquisition, II, L.P., et al*, 2006 WL 633272 at *1 (N.D. Ohio 2006) (not reported in F.Supp.2d) (relying on both 28 U.S.C. § 1331 and 15 U.S.C. § 1681, *et seq*.). However, in the case

4

*sub judice*, whether the initial notice from Resurgent to this Plaintiff was deficient or whether Olson has stated a claim upon which the Court may grant relief under the FDCPA are different questions, which the Court will summon the Defendants to address.

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

(1)     The defendant(s) in this action are Resurgent Capital Services, LP; Greg Major; and Stephny Jackson, all allegedly located at 15 S. Main Street, Suite 600, Greenville, South Carolina, 29601.

(2)     The Clerk in the divisional office in which the case lies, Lexington, shall prepare and issue summons for the three above-named Defendants at the address given above.

(3)     The Divisional Clerk shall also prepare as many copies of the complaint as there are summonses and any required USM Forms 285.  If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any Defendant, the Clerk shall promptly make a clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(4)     After the Lexington Clerk's office has prepared the summonses, USM Forms 285, complaint copies, copies of this Order, and/or any other documents necessary to effectuate service, a Deputy Clerk in the Lexington Clerk's office shall hand-deliver said documents to the United States Marshal's office in Lexington, Kentucky.

(5)     The Lexington Deputy Clerk making the delivery referenced in paragraph (4) to the United States Marshal's office shall obtain from the Marshal a receipt for the hand-delivered documents, which receipt shall be entered  into the instant record by the Clerk.

(6)     The United States Marshal shall serve a summons, complaint copy, and copy of this

Order on each named Defendant for whom a summons has been prepared, all service to be made by certified mail, return receipt requested.

(7) The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(8) The Plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(9) For every further pleading or other document he wishes to submit for consideration by the court, the Plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The Plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each Defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This 24th day of September, 2007.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**